

FILED _____ _____ RECEIVED
ENTERED _____ SERVED ON
COUNSEL/PARTIES OF RECORD

OCT 0 5 2023

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| IRVIN WADE, | Case No.:  2:18-cv-01927-RFB-EJY |
| Plaintiff, | **JURY INSTRUCTIONS** |
| v. | |
| UNIVERSITY MEDICAL CENTER OF SOUTHERN NEVADA, | |
| Defendant. | |

## JURY INSTRUCTION NO. 1

### DUTY OF JURY

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations. It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

## JURY INSTRUCTION NO. 2

## ONE CLAIM – DISABILITY DISCRIMINATION

Mr. Wade has one claim in this case for discrimination under the Patient Protection and Affordable Care Act (ACA).

To prevail on his claim, Mr. Wade must prove by a preponderance of the evidence (1) he is an individual with a disability; (2) he is otherwise qualified to receive [a certain] benefit; (3) he was denied the benefits of [a certain] program solely by reason of his disability; and (4) the program receives federal financial assistance.

The court finds as a matter of law that the Plaintiff has satisfied the first, second, and fourth elements of this claim.

The only element in dispute between the parties is the third element. The parties dispute whether or not Mr. Wade was denied the benefits of the services of UMC solely by reason of his disability.

In this case, the services of UMC included but was not limited to treatment, testing, diagnosis, medical consultation, and care for his physical needs while in hospital.

I will explain further the third element that is disputed by the parties. Under the law, UMC may not, directly or through contractual, licensing, or other arrangements, on the basis of handicap:

(i) Deny a qualified handicapped person the opportunity to participate in or benefit from the aid, benefit, or service of UMC;

(ii) Afford a qualified handicapped person an opportunity to participate in or benefit from the aid, benefit, or service that is not equal to that afforded others;

(iii) Provide a qualified handicapped person with an aid, benefit, or service that is not as effective as that provided to others;

(iv) Provide different or separate aid, benefits, or services to handicapped persons or to any class of handicapped persons unless such action is necessary to provide qualified handicapped persons with aid, benefits, or services that are as effective as those provided to others;

(v) Aid or perpetuate discrimination against a qualified handicapped person by providing significant assistance to an agency, organization, or person that discriminates on the basis of handicap in providing any aid, benefit, or service to beneficiaries of the recipients program or activity; or

(vi) Otherwise limit a qualified handicapped person in the enjoyment of any right, privilege, advantage, or opportunity enjoyed by others receiving an aid, benefit, or service.

The law under the ACA also creates an affirmative obligation for a provider, such as UMC, to provide auxiliary aids or other modes of communication that afford disabled persons, like Mr. Wade, effective communication.

The requirement for effective communication does not mean that deaf individuals are automatically entitled to an sign language interpreter every time they ask for it. On the other hand, an individual does not have to ask for an interpreter when one is necessary for effective communication. The test is whether Mr. Wade was provided with a method or mode of communication sufficient to prevent any real hindrance to his ability to exchange information or receive the benefits of the services of UMC.

Factors to consider to determine whether UMC provided Mr. Wade with appropriate aids or methods of interaction to afford effective communication include:

(1) The method of communications used by Mr. Wade
(2) The nature of the communications
(3) The length of the communications
(4) The complexity of the communications involved
(5) The context in which the communications are taking place
(6) Whether or not Mr. Wade requested a sign language interpreter
(7) Whether UMC consulted Mr. Wade in determining the type of aid that was needed

It is not a defense to the failure to provide effective communication or discrimination under this Act for the provider to argue that the disabled person received the same ultimate treatment outcome that he would have received had effective communication actually been provided. Effective communication is required under this Act regardless of the treatment outcome.

The violation of the policy by a provider like UMC does not automatically mean that there has been a violation of the Act.

Any or each denial of a manner or method of effective communication and provision of benefit or service to Mr. Wade by UMC can constitute a separate and individual violation of law.

Mr. Wade does not need to establish an ongoing or continuing denial of effective communication regarding the provision of benefits or services by UMC.

**JURY INSTRUCTION NO. 3**

**DELIBERATE INDIFFERENCE NECESSARY FOR DAMAGES**

Mr. Wade is asking for money damages in this case.

In order for Mr. Wade to establish that he is eligible for money damages, Mr. Wade must also prove by a preponderance of the evidence that UMC intentionally discriminated against him because of his disability.  Mr. Wade can prove intentional discrimination by proving that UMC acted either intentionally or with deliberate indifference towards his disability.

In order to prove deliberate indifference on the part of UMC, Plaintiff must prove the following two elements by a preponderance of the evidence:

(1) UMC, including its employees, was aware that Mr. Wade was not being provided with effective communication such that he could receive the same service or benefit from UMC as someone without a disability;

AND

(2) UMC, including its employees, knowingly decided or chose not to, or disregarded the need to provide Mr. Wade with a manner or mode of effective communication.

In determining deliberate indifference, you may consider what steps the provider took to address the need for an aid or communication that would afford Mr. Wade the same benefit including whether the provider investigated the need for an auxiliary aid that would provide effective communication.

## JURY INSTRUCTION NO. 4

## BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true. You should base your decision on all of the evidence, regardless of which party presented it.

**JURY INSTRUCTION NO. 5**

**DAMAGES—COMPENSATORY AND EXPECTATION DAMAGES**

If you find that Mr. Wade has proven by a preponderance that UMC was deliberately indifferent, then you must determine what damages should be awarded. It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

Mr. Wade has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate Mr. Wade for violations of the ACA by UMC. Compensatory damages are awarded to make the aggrieved party whole and should place Mr. Wade in the position he would have been in but for any wrongful conduct by UMC.

Specifically, Mr. Wade is seeking compensatory damages for the reasonable value of the denial of equal access to services and treatment he received from UMC, and any physical pain and suffering he experienced directly related to any conduct by UMC or its employees that violated the Affordable Care Act.

It is for you to determine what damages, if any, have been proved. Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

Neither sympathy nor speculation is a proper basis for determining damages. However, absolute certainty as to the damages is not required. It is only required that plaintiff prove any particular form of damages by a preponderance of the evidence.

**JURY INSTRUCTION NO. 6**

**DAMAGES—NOMINAL DAMAGES**

The law that applies to this case authorizes an award of nominal damages.  If you find that UMC violated the Affordable Care Act, but you find that the plaintiff has failed to prove deliberate indifference, you must award nominal damages in the amount of one dollar.

## JURY INSTRUCTION NO. 7

### WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which are received into evidence;

(3) any facts to which the parties agree; and

(4) any facts that I have instructed you to accept as proved.

## JURY INSTRUCTION NO. 8

## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony, exhibits and any other form of evidence that the Court admitted including stipulations of fact and deposition in lieu of live testimony. Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1)     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4)     Anything you have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## JURY INSTRUCTION NO. 9

## EVIDENCE IN ELECTRONIC FORMAT

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, projector, printer, and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits. You will also be provided with a paper list of all exhibits received in evidence. You may request a paper copy of any exhibit received in evidence by sending a note through the clerk. If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the clerk, signed by your foreperson or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with the clerk present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any nonjuror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials. Do not remove the computer or any electronic data from the jury room, and do not copy any such data.

### JURY INSTRUCTION NO. 10 - STIPULATIONS OF FACT

The parties have agreed to certain facts that will be read to you. You must therefore treat these facts as having been proved.

**JURY INSTRUCTION NO. 11 - DEPOSITION IN LIEU OF LIVE TESTIMONY**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

## JURY INSTRUCTION NO. 12

### SIGN LANGUAGE TESTIMONY

You have heard testimony of witnesses who testified in American Sign Language. Witnesses who do not speak English or are more proficient in another language testify through an official court interpreter. Although some of you may know American Sign Language, it is important that all jurors consider the same evidence. Therefore, you must accept the interpreter's translation of the witness's testimony. You must disregard any different meaning.

You must not make any assumptions about a witness or a party based solely on the use of an interpreter to assist that witness or party.

## JURY INSTRUCTION NO. 13

### DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience and common sense.

## JURY INSTRUCTION NO. 14

### EVIDENCE FOR LIMITED PURPOSE

Some evidence has been admitted only for a limited purpose.  When I instructed you that an item of evidence had been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

## JURY INSTRUCTION NO. 15

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the witness's opportunity and ability to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it. What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

## JURY INSTRUCTION NO. 16

### DUTY TO DELIBERATE

Before you begin your deliberations, elect one member of the jury as your presiding juror.  The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not be unwilling to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## JURY INSTRUCTION NO. 17

### CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it. Although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers— until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

## JURY INSTRUCTION NO. 18

## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing.  I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

**JURY INSTRUCTION NO. 19**

**RETURN OF VERDICT**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.